```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**CONNIE G. BAILEY,**

  **Plaintiff,**

**v.**           **CASE NO. 2:09-cv-00604**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

  **Defendant.**

## M E M O R A N D U M   O P I N I O N

  This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge.

  Plaintiff, Connie G. Bailey (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on August 10, 2005, alleging disability as of August 3, 1998, due to foot, leg and back pain, depression, high blood pressure and heart problems. (Tr. at 72-74, 136, 557-60.) The claims were denied initially and upon reconsideration. (Tr. at 64-66, 67-71.) On October 19, 2006, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 60.) The hearing was held on December 5, 2007, before the Honorable Algernon W. Tinsley. (Tr. at 564-604.) By

decision dated July 22, 2008, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 30-40.) The ALJ's decision became the final decision of the Commissioner on April 8, 2009, when the Appeals Council denied Claimant's request for review. (Tr. at 4-6.) On June 3, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2008). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe

impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2008). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at

32.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of pain in the back, legs and feet and status post surgical repair of severed aorta and a broken leg. (Tr. at 33.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 35.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 35.) As a result, Claimant cannot return to her past relevant work. (Tr. at 38.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as price marker, assembler, machine tender, grader/sorter, product inspector and surveillance system monitor, which exist in significant numbers in the national economy. (Tr. at 39.) On this basis, benefits were denied. (Tr. at 40.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting

Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was forty-six years old at the time of the administrative hearing. (Tr. at 568.) Claimant completed the ninth grade and attained her GED. (Tr. at 570-71.) In the past, she worked as a caregiver and a school janitor and briefly as a cashier and as a deli worker. (Tr. at 572, 574, 599-600.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to properly consider the previous ALJ's residual functional capacity

findings; (2) the ALJ improperly dismissed the opinion of Claimant's treating source, Dr. Elkins; (3) the ALJ failed to consider Claimant's impairments in combination; and (4) the ALJ erred in assessing Claimant's credibility. (Pl.'s Br. at 9-14.)

The Commissioner argues that (1) the ALJ's prior determination of non-disability, which is three years old, is not highly probative; (2) the ALJ afforded proper weight to the opinion of Dr. Elkins; (3) the ALJ properly considered Claimant's impairments in combination; and (4) the ALJ complied with the applicable regulations in assessing Claimant's credibility. (Def.'s Br. at 7-19.)

The court finds that the ALJ's decision is not supported by substantial evidence because he did not comply with the requirements of Acquiescence Ruling ("AR") 00-1(4). In AR 00-1(4), the Commissioner explained that under existing policy: "SSA does not consider prior findings made in the final determination or decision on the prior claim as evidence in determining disability with respect to the unadjudicated period involved in the subsequent claim." AR 00-1(4), 2000 WL 43774, at *3 (Jan. 12, 2000). However, because of the decision of the United States Court of Appeals for the Fourth Circuit in <u>Albright v. Commissioner of the Soc. Sec. Admin.</u>, 174 F.3d 473 (4th Cir. 1999), the Commissioner explained in AR 00-1(4) how he would apply <u>Albright</u> in the Fourth Circuit:

6

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period **must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances.** In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.
>
>   Where the prior finding was about a fact which is subject to change with the passage of time, such as a claimant's residual functional capacity, or that a claimant does or does not have an impairment(s) which is severe, the likelihood that such fact has changed generally increases as the interval of time between the previously adjudicated period and the period being adjudicated increases. An adjudicator should give greater weight to such a prior finding when the previously adjudicated period is close in time to the period being adjudicated in the subsequent claim, e.g., a few weeks as in Lively. An adjudicator generally should give less weight to such a prior finding as the proximity of the period previously adjudicated to the period being adjudicated in the subsequent claim becomes more remote, e.g., where the relevant time period exceeds three years as in Albright. In determining the weight to be given such a prior finding, an adjudicator must consider all relevant facts and circumstances on a case-by-case basis.

Id., 2000 WL 43774, at *4 (emphasis added).

In a decision dated March 16, 2005, an ALJ denied Claimant's previous claims for SSI and DIB, but determined that Claimant had severe depression and post traumatic stress syndrome that resulted

in a number of limitations to her residual functional capacity, including

> a fair (limited but satisfactory) ability to: follow work rules; relate to co-workers; deal with the public; use judgment; interact with supervisors; function independently; maintain attention/concentration; understand, remember and carry out complex job instructions; maintain personal appearance; behave in a[n] emotionally stable situation; relate predictably in social situations; and demonstrate reliability. The claimant has a poor (seriously limited but not precluded) ability to: deal with work stresses; understand, remember and carry out complex job instructions; and understand, remember and carry out detailed, but not complex job instructions.

(Tr. at 57.)

Pursuant to AR 00-1(4), the ALJ was required to weigh this evidence along with the other evidence of record in determining whether Claimant had a severe mental impairment and, if so, how it reduced Claimant's residual functional capacity. Although the Commissioner engaged in this analysis in his brief (Def.'s Br. at 10-12), the ALJ did not do so in his decision. As such, the court is constrained to find that the ALJ's decision is not supported by substantial evidence.

The court need not address the remaining arguments raised by the parties.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, this matter is REVERSED and REMANDED for further

administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: July 7, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge